IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BOBBY M. BERRY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:18-CV-933-Y |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Bobby M. Berry, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

On November 9, 2011, in the 29th Judicial District Court, Palo Pinto County, Texas, Case No. 14565, a jury found Petitioner guilty of aggravated sexual assault and assessed his punishment at life imprisonment. (Clerk's R. 105, 112, doc. 10-5.) Petitioner appealed, but the appellate court dismissed the appeal as meritless. (Mem. Op. 2, doc. 10-2.) Petitioner also filed two state habeas-corpus applications challenging his conviction to no avail. (SHR-09 28,

doc. 10-31[1] & Action Taken, doc. 10-26; SHR-10 20, doc. 10-34 & Action Taken, doc. 10-32.) This is Petitioner's second federal habeas-corpus petition attacking the same conviction. The first was withdrawn and dismissed on October 5, 2017, on Petitioner's own motion. (Pet. & J., Berry v. Davis, No. 4:16-CV-1173-O, docs. 1 & 24.)

## II. ISSUES

In one ground, and attempting to rely on Rule 60(b) as a basis for relief, Petitioner complains of various defects in his state habeas proceedings and seeks relief due to fraud, misconduct, or negligence by the state court(s). (Pet. 6-16, doc. 1; Pet'r's Reply 2-8, doc. 11.) Respondent asserts that the petition is time-barred under the federal statute of limitations or, in the alternative, that Petitioner's claims are not cognizable on federal habeas review. (Resp't's Preliminary Answer 1, doc. 9.) Without discussing the merits of Respondent's limitations defense, the Court concludes that the petition should be dismissed on the latter ground.

## III. DISCUSSION

The Federal Rules of Civil Procedure govern the procedure in all civil actions and proceedings in the United States district courts. FED. R. CIV. P. 1. A Rule 60(b) motion seeks relief from a

---

[1] "SHR-09" refers to the record of Petitioner's state habeas proceeding in WR-23,041-09; "SHR-10" refers to the record of his state habeas proceeding in WR-23,041-10. The records are not paginated, therefore the pagination in the ECF header is used.

*federal* judgment and cannot provide Petitioner any relief on the claims he alleges. *See Coleman v. Davis,* No. 4:16-CV-314-Y, 2017 WL 5649606, at *1 (N.D.Tex. March 7, 2017); *Dawson v. 291st Judicial Dist. Court of Dallas Co., Tex.,* No. 3:18-CV-759-M, 2018 WL 2306989, at *2 (N.D.Tex. Apr. 23, 2018), *R & R adopted,* 2018 WL 2299151 (N.D.Tex. May 21, 2018). Further, Respondent correctly argues that alleged defects or infirmities in state habeas proceedings are not cognizable on federal habeas review. *See Rudd v. Johnson,* 256 F.3d 317, 320 (5th Cir. 2001); *Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir. 1999).

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. A certificate of appealability may issue "only if the petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without

3

reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). Petitioner has not made a showing that reasonable jurists would question this Court's resolution of Petitioner's constitutional claims and/or procedural rulings. Therefore, a certificate of appealability should not issue.

SIGNED April 26, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE